UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 07-108-JBC**

**JEAN STAMPER,**                                                                                    **PLAINTIFF,**

**V.**                        **MEMORANDUM OPINION AND ORDER**

**ALLSTATE INSURANCE COMPANY,**                                                         **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on its own motion.

This action arises out of a motor vehicle collision involving the plaintiff and another driver, Doyle Turner. Both the plaintiff and Turner are residents of the state of Kentucky. On October 28, 2005, the plaintiff commenced this personal injury action against Turner in Breathitt Circuit Court. On February 14, 2007, the plaintiff filed an amended complaint naming the defendant, Allstate Insurance Company ("Allstate"), as an additional defendant. Allstate is an insurance company that is organized under the laws of and has its principal place of business in the state of Illinois. On March 26, 2007, the plaintiff filed a notice of voluntary dismissal in Breathitt Circuit Court stipulating that all of the plaintiff's claims against Turner had been settled and were therefore dismissed with prejudice. On April 17, 2007, Allstate filed a notice of removal to this court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

28 U.S.C. § 1446(b) (emphasis added) provides as follows:

If the case stated by the initial pleading is not removable, a notice of

> removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.*

Since both the plaintiff and Turner are Kentucky residents and no party has alleged the existence of a federal question in this action, it follows that "the case stated by the initial pleading [was] not removable," and that Section 1446(b) is applicable. The plaintiff filed this action in Breathitt Circuit Court on October 28, 2005, more than one year before Allstate filed its notice of removal. Finally, Allstate's notice of removal clearly alleges jurisdiction over this action pursuant to Section 1332.

The federal courts are under an independent obligation to examine their own jurisdiction. *Kusens v. Pascal Co., Inc.,* 448 F.3d 349, 359 (6th Cir. 2006) (citing *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)). Based on the facts stated above, the court finds that removal of this action is expressly barred by Section 1446(b), and that it therefore lacks jurisdiction to adjudicate this case. Accordingly,

**IT IS ORDERED** that this matter is **REMANDED** to the Breathitt Circuit Court and is **STRICKEN** from this court's docket.

Signed on May 3, 2007

2

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY